UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tyrice Hill,

Case No. 3:26-cv-2426

Petitioner,

v.

ORDER

Warden Shelbie Smith,

Respondent.

*Pro se* petitioner Tyrice Hill, a state prisoner, has filed this action seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Hill challenges his conviction and sentence in the Lucas County, Ohio Court of Common Pleas, case number CR-2004-02741 ("Criminal Case"), on charges of aggravated robbery.

Hill previously filed a § 2254 petition in this Court challenging his conviction and sentence in the Criminal Case. In May 2020, he filed for habeas corpus relief, which I denied. *See Hill v. Smith*, No. 4:20-cv-997 (N.D. Ohio May 7, 2020). In that same action, Petitioner filed a motion for authorization to file a second or successive § 2254 petition, which the Sixth Circuit Court of Appeals denied on August 8, 2024. (*See id.* at Doc. No. 48).

Title 28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive habeas corpus application under § 2254 is filed in district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See, e.g., Keith v.*

*Bobby*, 618 F.3d 594, 599-600 (6th Cir. 2010). When a second or successive § 2254 petition is filed in a district court without authorization by the Sixth Circuit Court of Appeals, the district court must transfer the petition to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

This § 2254 petition is the second or successive petition filed by Hill challenging his conviction in the Criminal Case. And it is not apparent that Petitioner has obtained authorization from the Sixth Circuit Court of Appeals to file a second or successive petition challenging his conviction. Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (1997), this action is hereby transferred to the United States Court of Appeals for the Sixth Circuit.

Hill also filed a motion for a temporary restraining order or preliminary injunction ordering his immediate release "on personal recognizance" while his habeas petition is pending. (Doc. No. 5 at 27). Such motions may be evaluated pursuant to the standard applicable to motions for release on bond rather than under the preliminary injunction standard. *See, e.g., Creasy v. Fink*, No. 3:22-CV-00035, 2022 WL 989095, at *3 (M.D. Tenn. Mar. 31, 2022) (citing *Rowell v. Palmer*, No. 3:10-CV-00098-LRH, 2011 WL 3502371, at *1 (D. Nev. Aug. 9, 2011)).

"A petitioner may be released on bond pending a decision on the merits of a habeas corpus petition where the petitioner shows: (1) a substantial claim of law, and (2) the existence of 'some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice.'" *Hornsby v. Booker*, No. 2:06-CV-12608, 2022 WL 36425, at *1 (E.D. Mich. Jan. 4, 2022) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)) (alteration by *Hornsby*) (further citation omitted).

Hill has not demonstrated a substantial claim of law. The Sixth Circuit already affirmed that Hill's § 2254 petition was untimely and that he failed to demonstrate he was entitled to equitable tolling. *Hill v. Turner*, No. 21-4035, 2022 WL 17411278 (6th Cir. May 17, 2022). Hill's continued disagreement with those rulings does not constitute a valid legal claim.

Therefore, I deny Hill's motion for a temporary restraining order releasing him on bond while his petition is pending. (Doc. No. 5).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge